UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARTIN SALDIVAR-TRUJILLO,

        Defendant.

_____/

Case No. 1:02-CR-213

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Defendant Martin Saldivar-Trujillo's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Also before the Court is Defendant's Motion to Amend the instant section 2255 Motion and to Appoint Counsel.[1]

On March 18, 2003, Defendant pled guilty to the offense of illegally reentering the United States of America after being previously ordered removed subsequent to an aggravated felony conviction. 8 U.S.C. § 1326. On June 4, 2004, the Court sentenced Defendant to a term of 96 months imprisonment. Defendant appealed his sentence and the Court of Appeals affirmed his sentence in a reported opinion on August 26, 2004. *See United States v. Martin Saldivar-Trujillo*, 380 F.3d 274 (6th Cir. 2004).

Under 28 U.S.C. § 2255, a prisoner may bring a motion to vacate, set aside or correct his sentence if he believes: (1) it was imposed in violation of the Constitution or a statute; (2) that the court was without jurisdiction to sentence him; (3) that his sentence exceeds the maximum authorized by law; or (4) is otherwise subject to collateral attack. In order to prevail upon a section

---

[1] The Court will grant Defendant's Motion to Amend his section 2255 Motion and will consider it in its amended form.

2255 motion, Defendant "must allege one of three bases [of error]: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003) (citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). This being Defendant's first collateral attack on his judgment *via* section 2255, his Motion is properly before this Court. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Defendant claims that because the Court enhanced his sentence due to a prior drug conviction under the then mandatory application of the United States Sentencing Guidelines, he is now entitled to relief in light of *United States v. Booker*, 543 U.S. 220 (2005). Simply stated, Defendant believes that *Booker*—where the Supreme Court held the Guidelines were advisory—applies retroactively to his sentence. The Court disagrees.

Retroactivity is governed by the Supreme Court's decision in *Teague v. Lane,* 489 U.S. 288 (1989). Applying the *Teague* analysis in *Goode v. United States*, 305 F.3d 378, 382 (6th Cir. 2002), the Sixth Circuit Court of Appeals held that the rule in *Apprendi*, the legal precedent which gave rise to the *Blakely* and *Booker* cases, would not be applied retroactively consistent with the determination of other circuit courts of appeals.

More recently in *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit held that *Booker* does not apply retroactively on collateral review to cases "already final on direct review" at the time the Supreme Court issued the *Booker* decision. *Id.* at 855, 860-63; *see also McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005) (holding that *Booker* does not apply retroactively to criminal cases which were final prior to the release of the *Booker* decision on Jan.

12, 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005) (holding that *Booker* is not retroactively applicable to a case on collateral review).

As indicated earlier, Defendant appealed his sentence to the Court of Appeals, which affirmed on August 26, 2004.  Defendant had 90 days to petition the Supreme Court for *writ of certiorari*, which he did not do.  SUP. CT. R. 13.1.  Therefore, Defendant's case became final on direct review on November 25, 2004.  Since Defendant did not have a case on direct review at the time *Booker* was decided, the *Booker* decision has no bearing on Defendant's section 2255 Motion. Consequently, Defendant's Motion will be denied on this ground.

As for Defendant's additional claims brought in his Motion to Amend the instant section 2255 Motion, Defendant submits four legal suppositions and asks the Court to appoint counsel to help him develop what he hopes will ultimately yield meritorious legal arguments.  These appear in Defendant's Motion to Amend as:

- A.) PETITIONER BEING A FOREIGN NATIONAL WAS PROTECTED BY "VIENNA CONVENTION ON COUNSELOR RELATIONS TREATY OF APRIL 24, 1963 [1970] 21 U.S.T. 77, 100-101 T.I.A.S. NO. 6820."

- B.) PETITIONER BEING A FOREIGN NATIONAL WAS PROTECTED BY "INTERNATIONAL PROVISIONS PROTECTING THE HUMAN RIGHTS OF NON-CITIZENS", UNITED NATIONS DOCUMENT E/CN.4/sub.2/392/rev.1 (1980).

- C.) PETITIONER BEING A FOREIGN NATIONAL CITIZEN OF MEXICO WAS AFFORDED PROTECTIVE RIGHTS UNDER 8 C.F.R. §287.8(c), AS WELL AS INA §240(b)(4) WHICH WERE DENIED PETITIONER.

- D.) PETITIONER WAS NEVER CONVICTED OF A CRIME OF "MORAL TURPITUDE, INA§212(a)(2) CAUSING INSTANT ACTION AGAINST PETITIONER AS FRAUDULENT.

(Def.'s Br. in Supp. at 3) (unaltered).  Upon review, the Court will deny Defendant's section 2255 Motion on his amended claims for the reasons that follow.

Even if Defendant could factually support that the alleged errors of law occurred, Defendant has failed to show he is entitled to relief under section 2255.  Because section 2255 is not intended to serve as an appeal, *United States v. Timmreck*, 441 U.S. 780, 784 (1979), a section 2255 movant must ordinarily show "cause" for failing to raise the issue on direct appeal and "actual prejudice" resulting from the error.  *Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000) (citing *United States v. Frady*, 456 U.S. 152, 164-67 (1982)).  Additionally, Defendant's amended claims raise non-constitutional errors, which places an even higher burden on Defendant.

> To prevail on a § 2255 motion alleging non-constitutional error, the [movant] must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

*Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Defendant's amended claims are bereft of any factual support and simply presume the cited authority entitles him to relief; however, Defendant does not indicate how that authority supports his claim.  Even without the benefit of counsel, Defendant could have recounted the factual background which he feels make up the substance of his amended claims.  This he has not done and such a skeletal submission cannot serve as the basis for relief under section 2255.  *See* Rules Governing § 2255 Proceedings, Rule 2(b)(2) (the motion must state the facts supporting each ground). Defendant's amended claims neglect to show cause for failing to raise these claims on appeal; does not demonstrate any prejudice; suggest no fundamental defects; and present no egregious error.  In short, Defendant's amended claims utterly fail to satisfy the obligations placed upon a federal habeas

petitioner.[2]  Therefore, the Court will deny Defendant's Motion on his amended grounds as well. Defendant's request to appoint counsel will be denied as unnecessary.

Finally, pursuant to 28 U.S.C. § 2253, the Court must assess whether to grant Defendant a certificate of appealability.  *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that section 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the Motion is debatable among reasonable jurists or adequate to deserve encouragement for some other reason.  Upon careful consideration, this Court finds that reasonable jurists would not find Defendant's position debatable with respect to the substantive grounds denying relief and a certificate of appealability will be denied.  A Final Order consistent with Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>March 10, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[2] Furthermore, the Vienna Convention on the Counselor Relations does not create or confer any individual rights for a violation of its terms.  *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001).